# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 3:14-00003 |
| | ) | **Judge Sharp** |
| **JASON E. MIKULA.** | ) | |

## ORDER

In this criminal case, Defendant Jason E. Mikula has filed a Motion to Dismiss (Docket No. 11), to which the Government has responded in opposition (Docket No. 15). By way of the Motion, Defendant requests that the charges against him be dismissed with prejudice because more than thirty days elapsed between the date of his arrest and indictment. The Motion will be denied.

On November 19, 2013, a Criminal Complaint was filed charging that between March 5, 2013, and November 13, 2013, Defendant received child pornography in violation of 18 U.S.C. § 2252(a)(2)(B). On December 3, 2013, he was arrested, the Government moved for detention, and Magistrate Judge Knowles scheduled a detention hearing for December 9, 2013.

On the day of the scheduled hearing, Defendant waived his right to a detention hearing. Magistrate Judge Knowles then granted the Government's Motion for Detention and ordered Defendant detained pending trial. On January 8, 2013, a federal grand jury returned a two-count Indictment against Defendant charging him with receipt or attempted receipt of child pornography (Count One) and possession of child pornography (Count Two).

Under 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Here, Defendant was

1

arrested on December 3, 2013, but not indicted until January 8, 2013, a period of more than thirty days.

While Section 3161(b) sets a thirty-day window between arrest and indictment, 18 U.S.C. 3161(h)(1)(d) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and 18 U.S.C. § 3161(h)(1)(8) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Excludable delay under these provisions includes the time during which an initial detention motion is pending. United States v. Patterson, 525 F. App'x 681, 690 (10th Cir. 2013); United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993); United States v. Pecora, 2011 WL 110135, at *1 (M.D. Tenn. March 24, 2011).

Defendant was arrested on December 3, 2013, the Government moved for detention that same day, and the Motion was resolved on December 9, 2013. Defendant was indicted on January 8, 2014, exactly thirty days following Defendant's arrest, excluding the time the motion for detention was pending. Thus, there was no Speedy Trial Act violation.

Assuming for the sake of argument that a violation of the Act occurred, Defendant is not entitled to the relief he seeks, to wit, dismissal with prejudice. "When the government violates the Speedy Trial Act, subsections 3162(a)(1) and (2) of the Act permit district courts to dismiss the charges with prejudice or without prejudice." United States v. Myers, 666 F.3d 402, 404 (6th Cir. 2012). "The Act allows for both types of dismissal and does not establish a default presumption." United States v. Gross, 432 F. App'x 490, 493 (6th Cir. 2011) (quoting, United States v. Robinson, 389 F.3d 582, 586 (6th Cir. 2004)). "Instead, the Act prescribes three factors that the district court

must take into account in making such a determination: 'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" Id. (quoting, 18 U.S.C. § 3162(a)(1)).

Defendant acknowledges the three statutory factors and claims that all three point to dismissal with prejudice. He argues that "the seriousness of the offense weighs relatively little" because the "charged offense is merely a passive offense" and "is not a crime of violence," citing United States v. Amos, 501 F.3d 524 (6th Cir. 2007). (Docket No. 11 at 2). However, Amos dealt with the inapposite question of whether a prior Tennessee conviction for possession of a sawed-off shotgun was a predicate violent felony for purposes of a sentencing enhancement under the Armed Career Criminal Act. Further, and as the Government points out, receiving and possessing child pornography are not passive crimes in the sense that a defendant must look for it. See, United States v. Bistline, 665 F.3d 758, 765 (6th Cir. 2012) ("Knowing possession of child pornography . . . is not a crime that happens to a defendant, [and] is not a crime of inadvertence"). In any event, "[c]hild pornography is, without qualification, a serious crime." United States v. Robinson, 669 F.3d 767, 776 (6th Cir. 2012); see also United States v. Pugh, 515 F.3d 1179, 1197 (11th Cir. 2008) (possessing and receiving child pornography are serious crimes because of the impact it has on victims and the market that it sustains).

Defendant also argues that "the circumstances that have led to the Speedy Trial Act violation strongly weigh in favor of dismissal with prejudice because the delay lacks any valid explanation and 'is wholly the fault of the government.'" (Docket No. 11 at 3). Accepting that the delay is rightfully attributed to the Government, it has provided a legitimate and rationale explanation for

3

the delay.

The grand jury in this district meets on Wednesday, but two of the Wednesdays between the time Defendant was arrested and the time he was indicted were federal holidays, specifically December 25, 2013, and January 1, 2014. "Unlike circumstances that would justify a dismissal with prejudice, 'this is not a case where the defendant has shown a pattern of negligence or bad faith on the part of the prosecutors.'" United States v. Perez, 306 F. App'x 929, 933 (6th Cir. 2009) (quoting, Robinson, 389 F.3d at 589). Simply put, "[t]he record indicates that the delay did not result from prosecutorial misconduct nor from any attempt to take advantage of the delay"; dismissal with prejudice under such circumstances is unwarranted. Robinson, 389 F.3d at 588.

Finally, Defendant argues that prosecution in federal court for the alleged offense is unnecessary because he can be prosecuted under state law, and "reprosecution in federal court will render the Speedy Trial Act toothless." (Docket No. 11 at 3). Leaving aside that "[d]ismissal without prejudice is not a toothless sanction [because] it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds," United States v. Taylor, 487 U.S. 326, 342 (1988), "[i]n applying the third statutory factor, there is almost always 'some tension between the administration of the Act and the administration of justice,'" United States v. Wilson, 314 F.3d 552, 559-60 (11th Cir. 2002) (internal citation omitted). "Defendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements,'" while "'the government can always argue that reprosecution furthers the public's interest in bringing criminals to trial." Id. These "two 'standard' arguments neutralize each other," id., and so "'[t]he main considerations that the courts have taken into account when examining this factor are whether the defendant suffered actual

4

prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" Robinson, 389 F.3d at 589 (quoting, United States v. Howard, 218 F.3d 556, 562 (6th Cir. 2000)).

Here, Defendant does not even attempt to argue that he has been prejudiced or that the Government has engaged in prosecutorial misconduct. It is difficult to see how a delay of a matter of no more than a few days prejudiced Defendant. See, United States v. Cairnes, 309 F.3d 950, 957 (6th Cir. 2002) (judge did not abuse discretion in refusing to dismiss indictment with prejudice where defendant was taken to trial 8 days after the time required by the Speedy Trial Act). On the other hand, it would not be in the interest of justice to dismiss this case, particularly if the Government is correct that "defendant has [previously] been convicted of molesting his own three year old child (defendant digitally raped the child and forced her to perform oral sex) and trafficking in child pornography." (Docket No. 15 at 3).

Accordingly, Defendant's Motion to Dismiss (Docket No. 11) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE